ANDREW OTTERSON, Appellant, v. THE THOMPSON MANUFACTURING COMPANY *et al.*, Respondents.

St. Louis Court of Appeals, March 10, 1891.

**Practice, Trial:** NECESSARY PARTIES: DISMISSAL OF ACTION FOR REFUSAL OF PLAINTIFF TO BRING IN SUCH PARTIES. In an action by a stockholder of an insolvent corporation to cancel his subscription for stock, and to cancel notes given by him to the corporation in payment therefor, third persons, to whom such notes were transferred prior to the institution of the action, are necessary parties. And if such third persons have not been made parties, the trial court can order the plaintiff to bring them in, and dismiss the action for a refusal of the plaintiff to comply with such order.

*Appeal from the Greene Circuit Court.*

AFFIRMED.

*Thrasher, White & McCammon,* for appellant.

The court erred in sustaining the application of Koch, Sons & Co. to be made parties defendant. Section 1993, Revised Statutes, 1889, is made for the benefit of the plaintiff. He may join, as parties defendant, those situated as stated in the statute, but a stranger cannot insist on being made a party defendant simply because his interest may be affected in some collateral way. *Kortjohn v. Seimers,* 29 Mo. App. 271; *Boyer v. Hamilton,* 21 Mo. App. 520. The plaintiff had a right to sue whom he pleased. The rights of Koch, Sons & Co., they not being parties, would have been in no way affected by the result of the suit, and it was entirely beyond the province of the trial court to compel plaintiff to bring them in as parties defendant, and thereby confuse his rights as to others against whom he plainly had a remedy. Even if Koch, Sons & Co. had been properly and regularly made parties defendant, it would not have affected plaintiff's right to recover as against the

Thompson Manufacturing Company; that the petition of the plaintiff stated a good cause of action, has already been decided by this court. *Wells v. Jones*, 41 Mo. App. 1.

*F. S. Heffernan* and *James R. Vaughan*, for respondents.

The court committed no error in requiring the plaintiff to amend his pleadings to bring in the creditors of the Thompson Manufacturing Company, as stated in said order and decree. R. S. 1889, sec. 2099. When a complete determination of a cause of action cannot be had without bringing in a new party, the court should make its order joining such party in the suit. *O'Fallon v. Clopton*, 89 Mo. 284; *Merill v. The City of St. Louis*, 83 Mo. 244; *Railroad v. Anthony*, 73 Mo. 431; *Butler v. Lawson*, 72 Mo. 227.

THOMPSON, J.—This is a suit in equity, by a stockholder of the Thompson Manufacturing Company, against that corporation and its directors, to have his contract of subscription, and the notes given in settlement thereof, rescinded and canceled on the ground of fraud. The facts, detailed at length in his petition, on which he predicates his right to relief, are very much the same as those shown by the evidence and detailed in the opinion of this court in the case of *Wells v. Jones*, 41 Mo. App. 1. On the day after the petition was filed J. C. Koch, J. V. Koch and F W. Horn (hereafter spoken of as intervenors) filed their petition, asking leave to be made parties defendant to the action. They set up in their petition,   substance, that they were partners, trading under the name of Koch, Sons & Co.; that, in June and July, 1888, the defendant corporation became indebted to them in the sum of $1,123.10, for which they afterwards recovered judgment in the circuit court of Greene county, the court in which this suit in

equity was instituted. They also set up that execution on said judgment had been returned *nulla bona;* that the defendant corporation was wholly insolvent; that they had filed a motion, under the statute, for execution against the plaintiff in this suit as a stockholder in the defendant corporation, which motion was still pending. They also alleged that there were no assets of the defendant corporation available to pay their judgment, or available to satisfy other creditors of the company, of which there were many; that similar proceedings to those above mentioned were pending against other stockholders; and that the creditors had no recourse, except the subscription against the plaintiff in this action and other subscriptions of like nature,—all of which would not be sufficient to pay the debts of the defendant corporation. They also set up that the plaintiff had given notes to the corporation in settlement of his contract of subscription to its capital stock, which notes had been, prior to any rescission of the contract of subscription, or to any attempt to rescind the same, assigned and delivered to an attorney of the intervenors, formerly a defendant in this action, as security for the payment of the indebtedness due to them, and were now held by their attorney for them. They, therefore, prayed that they might be made parties defendant to the action, for the purpose of protecting their rights, and on the ground that they have an interest in the controversy adverse to the plaintiff, and that they are necessary parties to a complete determination and settlement of the matters set forth in the petition.

The court granted this motion, and the plaintiff excepted. Thereafter, the intervenors filed a separate answer, denying the allegations of the petition, and setting up substantially the same facts, which were recited in their petition to be allowed to intervene. The plaintiff filed a motion to set aside the order allowing them to intervene, which motion was by the court overruled, and the plaintiff again excepted.

On the following day, May 21, 1890, the court made another order in the case, which, so far as the record discloses, was made by the court of its own motion. In this amended order the court recited the finding that Koch, Sons & Co. were *necessary parties* to a complete determination of this action, and changed its former order so as to require the plaintiff to bring them in as parties defendant by filing an amended petition. The order, as thus amended, reads: "And the plaintiff is ordered to file an amended petition bringing in said Koch, Sons & Co., as parties defendant." The plaintiff, on the same day, moved to set aside this amended order, and, his motion being overruled, he again excepted.

Thereafter, Koch, Sons & Co. asked and obtained leave of the court to withdraw their former answer as having been prematurely filed, "and for the reason that the plaintiff now refuses to file an amended petition making them parties, as by the court ordered." Afterwards the remaining defendants, the Thompson Manufacturing Company, and the directors impleaded with them, filed their answer, denying the allegations of the petition, and alleging the same facts which had been alleged in the petition of Koch, Sons & Co., to be made parties. Immediately thereafter, and on the twenty-first day of May, 1890, as the abstract of the appellant, which is not challenged by the respondents, recites, "this cause having been called by the court for trial, and no opportunity having been given plaintiff to offer evidence in support of the allegations in his petition herein, and no evidence having been heard by said court on the issues in this cause, the court rendered judgment herein," which judgment consisted of an order dismissing the plaintiff's suit, for the reason that he had failed and refused to file an amended petition, as required by the amended order of the court.

After unsuccessfully moving to have this judgment set aside, and saving his exceptions, the plaintiff prosecutes this appeal.

The plaintiff's petition sets up that certain promissory notes were given by him to the defendant corporation in settlement of his contract of subscription; and his prayer for relief is, "that his contract of subscription to, and purchase of, said stock be rescinded and canceled, *and that his said notes be rescinded and canceled.*" The intervening petition of Koch, Sons & Co. sets up that these same notes are held by their attorney for them, as collateral security for the debt for which they obtained judgment against the corporation. Koch, Sons & Co. are, therefore, if the allegations of their petition are true, the beneficial owners of those notes. Such being their claim, whether well or ill-founded, it is not perceived on what theory the plaintiff can claim the right to have the notes canceled without making them parties. If he could have the notes canceled by a sort of proceeding *in rem*, without bringing into the court the parties who hold the notes, it would certainly be very convenient for him; but the law does not allow the rights of parties to be disposed of in suits against other people in this way. *Prima facie*, therefore, Koch, Sons & Co. were necessary parties, and no error was committed by the court in requiring the plaintiff to implead them as such. If the plaintiff had set up in his petition that the notes were held by any of the parties, whom he did implead as defendants, it might have been different; but he did not allege in his petition *by whom* the notes which he desired to have canceled were held. There was, therefore, nothing in the pleadings to contradict the statement in the intervening petition of Koch, Sons & Co., that they were the beneficial holders of them.

The record, therefore, discloses no error in the order of the court requiring him to implead Koch, Sons & Co., as defendants, and no error in dismissing his suit for refusing to do so. This dismissal is one without prejudice, and the result is to remit the plaintiff to a new action, if he sees fit to bring one. The judgment is affirmed. All the judges concur.